### UNITED STATES *v.* MISKELL.[*]

*(Circuit Court, D. Kentucky. March, 1883.)*

MAKING OR USING FALSE AFFIDAVIT TO OBTAIN PAYMENT OF CLAIM—SECTION 5438, REV. ST.

To support a conviction under section 5438, Rev. St., for making or using a false affidavit for the purpose of obtaining the payment or approval of certain claims against the government, it must be shown, not only that the affidavit was false, but also that the claim, the payment of which was sought to be obtained by the use of the affidavit, was false, fictitious, or fraudulent.

Indictment. Motion for new trial.

*Geo. M. Thomas,* Dist. Atty., for the Government.

*Samuel McKee,* for defendant.

BAXTER, J. The act under which the indictment in this case was framed (section 5438, Rev. St.) provides that "every person who makes or causes to be made, or presents or causes to be presented, for payment or approval, to or by any officer in the civil, military, or naval service of the United States, any claim upon or against the government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining, or aiding to obtain, the payment or approval of such claim, makes, uses, or causes to be made or used, any false affidavit, etc., knowing the same to contain any fraudulent or fictitious statement," etc., shall be punished, etc.

The indictment follows the statute. It contains one count for making and presenting, or causing to be made and presented, for payment a false, fictitious, and fraudulent claim, etc., and another count for having made and used a false affidavit, etc., for the purpose of obtaining the payment of a false, fictitious, and fraudulent

[*]Reported by J. C. Harper, Esq., of the Cincinnati bar.

claim, etc. Upon a trial had, the defendant was acquitted of the first and convicted of the crime alleged in the second count; and thereupon moved for a new trial. No evidence was offered by the government upon the trial tending to show that the claim, in support of which the alleged false affidavit was used, was either false, fictitious, or fraudulent. Hence we are called on to determine whether a conviction obtained for the making and using of a false affidavit, etc., to obtain payment or allowance of a claim upon or against the United States, can be sustained, without proof showing that the claim, in support of which such affidavit was made or used, was itself false, fictitious, or fraudulent.

The crime created and defined by the statute and formulated in the second count of the indictment is not the making or using of a false affidavit to obtain payment of *a claim* upon or against the government, but it is the making or using a *false affidavit*, etc., for the purpose of obtaining the payment or approval of a *false, fictitious,* or *fraud-ulent* claim, etc. In other words, the crime charged in the second count of the indictment under consideration is composed of two ele-ments—*First,* a false affidavit; and, *secondly,* the making or the using of such false affidavit to obtain the payment or allowance of a false, fictitious, or fraudulent claim. But in this case there was no evi-dence tending to establish the false, fictitious, and fraudulent char-acter of the claim, the payment of which defendant sought to obtain by use of the false affidavit referred to.

The crime, therefore, of which the defendant stands convicted was only half made out; but one of the foregoing two elements which con-stitute it was proven, and it follows that defendant is entitled to a new trial, which is awarded.

An indictment under section 5438, Rev. St., which charges that the accused did "unlawfully *make* a claim against the government of the United States," well knowing the same to be false, etc., is insufficient. It should charge that the claim was made "*for payment or approval.*" The changes in the punctu-ation of the original statute have altered the meaning of this section, and the phrase "*for payment or approval*" is a part of both the first and second clauses of the section. *U. S.* v. *Ambrose*, 2 FED. REP. 764. In an indictment under that section it is sufficient to charge a presentation to the "first auditor of the treasury," without naming the person who held such office; and the different items of an account may all be included in one count of the indict-ment, and it is not necessary that there should be separate counts for each false item. *U. S.* v. *Ambrose, supra.* Section 5438 includes a false claim pre-

sented by a person as a pensioner, demanding money as a pensioner, and where the pension certificate was genuine, but had been fraudulently obtained. each presentation of the certificate constituted a distinct offense within the meaning of the statute. *U. S.* v. *Goggin,* 3 FED. REP. 492.—[REP.